IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASWINDER SINGH,

    Petitioner,                                       No. CIV S-08-2848 KJM

    vs.

OFFICER VAUGN, et al.,                     <u>ORDER AND</u>

    Respondents.                          <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

On November 24, 2008, petitioner filed a petition for a writ of habeas corpus, challenging his impending deportation to India. He has paid the filing fee.

Petitioner alleges that his application for asylum was denied in 2004 and that the Board of Immigration Appeals dismissed his appeal in 2005, which rendered the order of removal final; all of these proceedings were in the name of Jaswinder Singh. Petitioner further alleges that in August 2008, an immigration judge ordered Jaswinder Singh to be taken into custody pending his removal. He avers that the travel document secured from India is in the name of Jaswant Singh "instead of petitioner's real name Jaswinder Singh." He contends that "the name Jaswant Singh could have implications on the petitioner's custody with the Indian Government." He argues that a deportation under the wrong name is the equivalent of the execution of a deportation order against the wrong person. Pet. ¶¶ 3-10.

1

1  He asks the court to enter a temporary restraining order preventing the deportation and to issue
2  "an order granting any other relief. . . deem[ed] appropriate and just." Pet. at 11.
3        On November 26, 2008, the government filed an opposition to the request for a
4  temporary restraining order and provided a copy of the executed warrant of removal, which
5  shows that petitioner was deported on November 25, 2008.  The warrant was issued in the name
6  "Jaswinder Singh" but contains a handwritten "AKA Jaswant Singh."  The government argues
7  that the request for a restraining order was rendered moot by the deportation and that jurisdiction
8  over the motion and the action is appropriate only in the Court of Appeal.
9        Petitioner counters that jurisdiction is appropriate in this court because he is not
10 challenging the order of removal itself but rather the act of removal, using documents not issued
11 for petitioner.
12 I. The Request For Injunctive Relief
13       "Article III standing requires an injury that is actual or imminent, not conjectural
14 or hypothetical.  In the context of injunctive relief, the plaintiff must demonstrate a real or
15 immediate threat of an irreparable injury."  Clark v. City of Lakewood, 259 F.3d 996 (9th Cir.
16 2001) (quoting Cole v. Oroville Union High Sch., 228 F.3d 1092, 1100 (9th Cir. 2000)).  In
17 seeking a temporary restraining order, petitioner sought to enjoin his deportation, which was
18 accomplished before the court could act.  His request for injunctive relief has been rendered
19 moot by his removal.  See Geronimo v. Mukasey, 535 F.Supp.2d 808, 811 n.2 (W.D. Tex. 2008).
20
21 II. Respondent's Motion To Dismiss
22       Respondent argues the petition itself should be dismissed because a challenge to
23 an order of removal can only be filed in the Court of Appeals.  8 U.S.C. § 1252(b)(5).  However,
24 petitioner is not challenging the actual order itself, but rather the manner in which the warrant of
25 removal was issued.  Because the challenge does not appear to be to the "administrative removal
26 order . . . the District Court retains jurisdiction."  Nnadika v. Attorney General of the United

1 States, 484 F.3d 626, 632 (3d Cir. 2007).  Nevertheless, the government's briefing on its motion
2 was limited based on the pending motion for a temporary restraining order.  The court will not be
3 bound by its jurisdictional determination if, upon considering more complete briefing, it
4 concludes that the challenge falls within the restrictions on its jurisdiction imposed by the
5 relevant statutes.

6         In accordance with the above, IT IS HEREBY ORDERED that:

7         1.  The Clerk of the Court is directed to assign this case to a district judge;

8         2.  Petitioner's motion for a temporary restraining order (docket no. 2) is denied;

9         3.  Respondent's request to dismiss the petition for want of jurisdiction (docket
10 no. 6) is denied without prejudice;

11         4.  Respondent is directed to file an answer or a motion to dismiss within thirty
12 days from the date of this order.  If an answer is filed, respondent shall include with the answer
13 any and all transcripts or other documents relevant to the determination of the issues presented in
14 the application;

15         5.  Petitioner's traverse, if any, is due on or before thirty days from the date
16 respondent's answer is filed; an opposition to a motion to dismiss is due within thirty days of
17 service of the motion to dismiss; and

18         6.  The Clerk of the Court shall serve a copy of this order together with a copy of
19 petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United
20 States Attorney.

21         IT IS HEREBY RECOMMENDED that petitioner's request for a preliminary
22 injunction be denied.

23         These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  January 21, 2009.

_____
U.S. MAGISTRATE JUDGE

2
sing2848.f&r

4